[Department Two.— March 27, 1883.]

## J. M. PHILIP ET AL., RESPONDENTS, v. H. SIERING ET AL., APPELLANTS.

PRACTICE—INSOLVENCY—JUDGMENT AGAINST ATTACHED PROPERTY—APPEAL.—
After the commencement of the action the defendants were adjudged insolvent debtors, and all proceedings against them stayed. The answer set up no other defense than the adjudication in insolvency. The plaintiffs moved for a judgment on the pleadings, to be enforced only against certain attached property, on the ground that an attachment had been issued in the case, and property attached more than thirty days prior to the initiation of the insolvency proceedings. The court granted the motion and defendants appealed. The transcript on appeal did not show what papers were before the court upon the hearing of the motion. *Held,* that the judgment should be affirmed, it being incumbent on a party who alleges error to make it apparent by the record.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts sufficiently appear in the opinion of the court.

*E. G. Knapp,* and *Wm. H. Sharp,* for Appellants.

Under the circumstances it was error to render judgment.

The effect of the declaration in bankruptcy is of itself an injunction against further proceedings. In the absence of an order authorizing it, the plaintiff cannot proceed with his suit— if he attempts to do so "his proceedings are illegal and void." (*Penny* v. *Taylor,* 10 Bank. Reg. 200–203.)

The adjudication must be pleaded in issuable form, and when so pleaded the cause is suspended. (*Gibson* v. *Green,* 45 Miss. 209; *Hecht* v. *Wassell,* 24 Ark. 412; *Frostman* v. *Hicks,* 15 Bank. Reg. 41.)

A bankrupt is *civiliter mortuus* from the day he files his petition. (*Johnson* v. *Geisriter,* 26 Ark. 44; *Barron* v. *Newberry,* 1 Biss. 149.) The assignee stands as administrator. (*Carr* v. *Gale,* 3 Wood & M. 38; 2 Ware, 330.)

The language of the Act of 1880 providing for a stay follows that of the United States bankrupt law. The object is to protect the debtor from being harassed by suits, and to prevent a race of diligence between creditors. (*In re Rosenberg,* 2 Bank. Reg. 236; *In re Metcalf,* 1 Bank. Reg. 201.)

By the filing of his petition in insolvency, the control and

dominion of the insolvent's estate is transferred to the insolvent court.

Pending the proceedings, no order for the sale of the property to satisfy a lien can be made on petition for enforcement of the lien. (*Clifton* v. *Foster*, 103 Mass. 233; 3 Bank. Reg. 656; *In re Cook & Gleason*, 3 Biss. 116; *Douglass* v. *St. Louis Z. Co.* 56 Mo. 388.)

And an attaching creditor will not be allowed to proceed to trial and judgment, as there can be no party defendant. (*Ex parte John Foster*, 2 Story, 131.)

Disregard of the order staying proceedings is error, for which the judgment will be reversed. (*Bandy* v. *Ransome*, 13 Pac. C. L. J. 537.)

A judgment enforcible only against property is as erroneous as a general judgment.

*Ray* v. *Wight*, 119 Mass. 426, per Gray, C. J.: "Under U. S. Rev. Stat. § 5106, *a plaintiff having a valid attachment* lien upon the property of a defendant, who, pending the action, but not within four months after the attachment was made, has instituted proceedings in bankruptcy, *is not entitled to a special judgment* to be enforced only against the attached property until the question of the debtor's discharge is determined, and there be no unreasonable delay in endeavoring to obtain a discharge."

The assignee was a necessary party. (*Gibson* v. *Green*, 45 Miss. 209; *Ex parte Foster*, 2 Story, 157–159; *Deas* v. *Thorn*, 3 Johns. 544.)

*Naphtaly, Freidenrich & Ackerman*, for Respondents

The order appealed from should be affirmed because the transcript does not contain all the papers used on the hearing. (*Baker* v. *Snyder*, 58 Cal. 617.)

The case being before the court on the judgment roll alone, all presumptions are in favor of the judgment. (*Thompson* v. *O'Neil*, 41 Cal. 685; *Miles* v. *Thorne*, 38 Cal. 339.)

The fact that the attachment in question was made more than one month next preceding the commencement of the insolvency proceedings, cannot by this appeal be questioned, and it follows that plaintiffs in the action had a valid attachment upon certain

property of defendants, *which attachment was not dissolved by those insolvency proceedings.*

The plaintiffs were, therefore, entitled to a judgment to be enforced against the attached property. (*Bates* v. *Tappan,* 99 Mass. 376; *Bowman* v. *Harding,* 56 Me. 559; *Stoddard* v. *Locke,* 43 Vt. 574; *Daggett* v. *Cooke,* 37 Conn. 341; *Vaillant* v. *Childress,* 21 Wall. 643; 11 N. B. R. 318; *Peck* v. *Jenness,* 7 How. 612; *Batchelder* v. *Putnam,* 13 N. B. R. 404; *Mason* v. *Warthen,* 14 N. B. R. 347; *Sacramento Bank* v. *Hadley,* 2 Pac. C. L. J. 470.)

PER CURIAM. — The appeal as stated in the notice is from " the order overruling the demurrer, from the order directing a judgment and execution herein, and also from the judgment therein made and entered in the said Superior Court on the 20th day of April, 1881, in favor of the plaintiffs in said action, and against said defendants, and from the whole thereof."

The demurrer to the complaint was properly overruled.

The answer alleges that after the commencement of this action the defendants were duly adjudged insolvent debtors, and all proceedings against them were stayed.

After the answer was filed the plaintiffs gave notice of motion for judgment upon the pleadings, on the ground that the attachment in the action was issued and property attached more than thirty days prior to the filing of the defendants' petition in insolvency; and it was stated in said notice that said motion would be based upon the pleadings, affidavit, and undertaking on attachment, the writ of attachment and return thereon of the sheriff, and upon all the papers on file in the action.

It does not appear from the transcript what papers were before or considered by the court upon the hearing of that motion. But it does appear that the court granted the motion and directed that the judgment should be enforced only against the property attached.

The judgment recites that it appeared to the court that property of the defendants had been seized and levied upon by the sheriff by virtue of a writ of attachment issued in this action more than one month before the insolvency proceedings were initiated by the defendants; that said property was then still in

the hands and custody of said sheriff, and that said attachment had not been dissolved and was then in full force.

It is incumbent on a party who alleges error to make it apparent. That the record now before us fails to do.

Judgment affirmed.